UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES PARKER,<br><br>                      Plaintiff(s),<br><br>    v.<br><br>JOSEPH SORGE,<br><br>                      Defendant(s). | Case No. 2:13-CV-2324 JCM (VCF)<br><br>ORDER |

      Presently before the court is defendant Joseph Sorge's motion to dismiss. (Doc. # 16). Plaintiff James Parker filed a response in opposition, or in the alternative, counter motion for leave to amend (doc. # 17) and defendant filed a reply (doc. #18).

**I.    Background**

      On or about October 29, 2011 plaintiff and defendant were riding motorcycles together on a trip to Red Rock Canyon. Each operated his own motorcycle. While riding, plaintiff was injured in a one rider, one motorcycle accident. Defendant owned the motorcycle plaintiff was riding at the time of the crash.

      Plaintiff alleges that he was operating the motorcycle "at the request and direction of [d]efendant" and that defendant knew plaintiff "had little to no experience riding a motorcycle." Plaintiff further alleges that defendant "voluntarily assumed the duty to provide direction and instruction to the [p]laintiff" on how to appropriately operate a motorcycle, in part, because defendant chose the route they would take to Red Rock Canyon.

      Plaintiff initiated this case in the Eighth Judicial District, and defendant removed the case to federal court. (Doc. # 1). Plaintiff alleges that defendant's negligent instruction of plaintiff caused, or at least contributed to plaintiff's motorcycle accident. (*See* doc. # 1).

**James C. Mahan**
**U.S. District Judge**

       *a)*     *Timeliness of defendant's motion to dismiss*

Fed. R. Civ. P. 12(b) provides in pertinent part that motions to dismiss for a failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, defendant filed an answer (doc. # 7) on January 7, 2014 to plaintiff's complaint (*see* doc. # 1). In his answer, defendant pleaded plaintiff's failure to state a claim upon which relief can be granted as his first affirmative defense. (*See* doc. # 1). Approximately six months later, on June 20, 2014, defendant then filed its motion to dismiss plaintiff's complaint. (Doc. # 16).

Plaintiff alleges that defendant's motion to dismiss is untimely under Fed. R. Civ. P. 12(b), because defendant filed an answer to the complaint prior filing the instant motion to dismiss. Plaintiff argues that the mandatory wording of Fed. R. Civ. P. 12(b) requires defendant's motion to dismiss be disqualified. The court disagrees with plaintiff's conclusion and will consider defendant's motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## II.    Legal Standard

When an answer is filed before a motion to dismiss is filed, the latter then becomes a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *see also Moonin v. Nevada ex rel. Dep't of Pub. Safety*, No. 3:12-CV-00353-LRH, 2014 WL 204915 at *2 (D. Nev. Jan 17, 2014). Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The legal standard for motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) is "functionally identical" to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the

James C. Mahan
U.S. District Judge

- 2 -

moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

The court will, therefore, review defendant's motion to dismiss as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

### III. Discussion

*(a) Plaintiff's negligence claim*

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Whether a duty exists is a question of law to be determined by the courts. *Id.* at 1177.

At issue in this case is whether defendant as the owner of the motorcycle owed plaintiff a duty of care. Under common law, a person generally owes no duty to control the dangerous conduct of another or to warn those endangered by such conduct. *Mangeris v.* Gordon, 580 P.2d 481, 483 (Nev. 1978). An exception to this rule exists in cases where defendant bore some special relationship to the plaintiff. *Id.* In such circumstances the defendant is then impressed with a duty of care. *Id.*

Plaintiff does not allege that defendant has any special relationship with him. Based on the facts pled, defendant did not offer to teach or supervise plaintiff's motorcycle riding. Plaintiff merely states that defendant "voluntarily assumed the duty to provide direction and instruction to the [p]laintiff . . . ." Plaintiff has failed to demonstrate that defendant owed him any duty of care.

Further, the circumstances of the outing suggest that plaintiff was at least a moderately experienced motorcycle rider. The accident took place on a planned trip to Red Rock Canyon. The accident did not occur in a parking lot or on a short and controlled ride in a familiar area, as one would expect with supervised training or instruction. Additionally, defendant was not riding

James C. Mahan
U.S. District Judge

on the same motorcycle as the plaintiff and overseeing each move he made.

Plaintiff was also in no way obligated to comply with defendant's "request and direction" to ride the motorcycle. Based on the facts alleged, defendant appears to have done nothing more than 1) provide some instruction to plaintiff on operating the motorcycle plaintiff borrowed, and 2) choose the route they traveled.

*(c) Assumption of the risk*

The implied assumption of risk doctrine is generally divided into two subcategories: "primary" and "secondary." *Turner*, 180 P.3d at 1177. Only primary assumption of the risk is at issue here.

"Whether [primary assumption of the risk] bars a plaintiff's claim should be incorporated in to the district court's initial duty analysis . . . ." *Turner*, 180 P.3d at 1177. Primary assumption of the risk arises when the plaintiff impliedly assumes the risks inherent in a particular activity. *Id.* (citing *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 508 S.E.2d 565, 570 (S.C. 1998)).

Plaintiff freely made a choice to operate his individual motorcycle. He was not compelled by defendant. At any point, plaintiff could have chosen to not operate the motorcycle.

Further, the circumstances of the trip suggest that plaintiff impliedly assumed the risks inherent in motorcycle riding. This was not a training session in a parking lot, nor a quick trip around the block. This was an outing with the specific destination of Red Rock Canyon. Plaintiff knew the trip would require him to be the sole operator of a motorcycle on various public roads and highways for an extended period of time. Plaintiff freely and willingly agreed to take a trip of significant length while operating his own, personal motorcycle.

**IV.   Conclusion**

Neither in his complaint, nor in his proposed amendments to his complaint, has plaintiff pled facts to establish a prima facie case of negligence against defendant. Therefore, plaintiff's negligence claim against defendant is dismissed without prejudice.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion to dismiss (doc. # 16), construed in this order as a motion for judgment on the pleadings be, and the same hereby, is GRANTED without prejudice.

DATED August 27, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -