UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES PARKER,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JOSEPH SORGE,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:13-CV-2324 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff's motion for relief from court's order dismissing the complaint; or in the alternative, motion for reconsideration of plaintiff's motion for leave to amend the complaint. (Doc. # 26). Defendant filed a response, (doc. # 29), and plaintiff filed a reply, (doc. # 30).

**I.　　Background**

Plaintiff initiated this case in the Eighth Judicial District Court, and defendant removed the case to federal court. (Doc. # 1). Plaintiff alleges that defendant's negligent instruction of plaintiff caused, or at least contributed to plaintiff's motorcycle accident. (*See* doc. # 1).

On or about October 29, 2011, plaintiff and defendant were riding motorcycles together on a trip to Red Rock Canyon. While riding, plaintiff was injured in a one rider, one motorcycle accident. Defendant owned the motorcycle plaintiff was riding at the time of the crash.

Plaintiff alleges that he was operating the motorcycle "at the request and direction of [d]efendant" and that defendant knew plaintiff "had little to no experience riding a motorcycle." Plaintiff further alleges that defendant "voluntarily assumed the duty to provide direction and instruction to the [p]laintiff" on how to appropriately operate a motorcycle, in part, because defendant chose the route they would take to Red Rock Canyon.

**James C. Mahan**
**U.S. District Judge**

1    This court found that plaintiff failed to allege a prima facie case of negligence against
2 defendant.  Specifically, this court found that plaintiff failed to show defendant owed any duty to
3 plaintiff.  Accordingly, On August 27, 2014, this court granted defendant's motion to dismiss.
4 (Doc. # 22).  Plaintiff's instant motion requests reconsideration by the court or for leave to
5 amend the complaint.

6    **II.    Legal Standard**

7    Motions for reconsideration "should not be granted, absent highly unusual
8 circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
9 These circumstances are only present where "the district court is presented with newly
10 discovered evidence, committed clear error, or if there is an intervening change in the controlling
11 law." *Id.*

12    **III.    Discussion**

13    Plaintiff argues that this court should reconsider based on newly discovered evidence.
14 (Doc. # 26).  Plaintiff alleges that he has now had the opportunity to depose defendant and has
15 newly discovered evidence that addresses the issues raised by the court.

16    Plaintiff states there is new evidence that "defendant knew plaintiff had never before
17 ridden a motorcycle." (Doc. # 26).  Plaintiff also claims it is newly discovered evidence that
18 "defendant invited plaintiff to Nevada for the purpose of teaching him to ride a motorcycle so the
19 two could go to Red Rock Canyon." (Doc. # 26).  Plaintiff further alleges that defendant
20 instructed plaintiff on how to ride the motorcycle, and plaintiff expressed concern while riding.
21 Plaintiff insists that these facts are newly discovered evidence that this court must reconsider.

22    However, all of these facts have previously been alleged by plaintiff.  Therefore, they
23 cannot possibly be newly discovered evidence.  Plaintiff alleges in the complaint that he had
24 "little to no experience in operating a motorcycle" and that defendant provided "instruction to
25 [p]laintiff on operating the motorcycle." (Doc. # 1).  The complaint further alleges that
26 defendant chose the route to Red Rock Canyon and plaintiff expressed concern. (Doc. # 1).  All
27 of the allegations in plaintiff's motion that plaintiff claims are newly discovered evidence have
28 previously been alleged in the complaint.

**James C. Mahan**
**U.S. District Judge**

This court finds that plaintiff has failed to show newly discovered evidence and has failed to meet the standard for reconsideration. The instant circumstances are not the "highly unusual circumstances" that must be present for the court to reconsider.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for relief from court's order dismissing the complaint; or in the alternative, motion for reconsideration of plaintiff's motion for leave to amend the complaint, (doc. # 26), be, and the same hereby is, DENIED.

DATED November 14, 2014.

_____
UNITED STATES DISTRICT JUDGE